*78 OPINION.
Van Fossan:
The only issue raised herein is whether or not the petitioner in computing its net income for the years 1920 and 1921 is entitled to deduct in those years the respective amounts of $4,915.32 and $5,329.50 covering certain so-called living, traveling, and entertainment expenses incurred by its secretary.
The evidence in the case is unsatisfactory and conflicting. At no place in the record has petitioner segregated the items of expense so as to show what portion of the amounts disallowed represented either official travel and entertainment, or personal living expenses of petitioner’s secretary. The testimony does indicate, however, that a considerable portion of the amounts in controversy represented personal living expenses of the secretary at the Palace Plotel in San Francisco, Calif.
Personal living or family expenses are not allowable deductions from income under the Revenue Acts of 1918 and 1921 (sections 235 and 215 (a) of both Acts). On the other hand, such expenses as *79 traveling and entertaining, in order to be allowable as deductions under section 234 (a) (1) of the Revenue Acts of 1918 and 1921,. must be proved with reasonable definiteness.
The burden of showing the incorrectness of the respondent’s determination is upon the petitioner. This the petitioner has wholly failed to do.

Judgment will be entered for the resfondent.